UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>-v-<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.<br><br>Defendant. | Civ. No.:_____<br><br>Judge:_____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

This is a Class and Collective Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals who are or were employed by Defendant as Medical Assistants. Plaintiffs Evangelina Chavez and Jarely Zarate bring this suit against Defendant West Side Community Health Services, Inc., ("Defendant") under the Minnesota Payment of Wages Act ("PWA"), the Fair Labor Standards Act ("FLSA"), and the Minnesota Fair Labor Standards Act ("MFLSA"). Plaintiffs work or worked for Defendant as Medical Assistants in St. Paul, Minnesota. Plaintiffs began work before clocking-in from time to time. Defendant failed to pay overtime premium pay for all hours worked in excess of the legal limits, as required by the FLSA. In addition, Plaintiffs worked through their allotted meal break from time to time, but Defendant deducted their paychecks as if Plaintiffs had been allowed sufficient meal time from time to time.

Plaintiffs, for their Complaint against Defendant, state and allege as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Evangelina Chavez is a resident of the City of Mounds View, County of Ramsey, State of Minnesota. Ms. Chavez worked for Defendant as a Medical Assistant from 2010 through August 2013.

2. Plaintiff Jarely Zarate is a resident of the City of Hastings, County of Dakota, State of Minnesota. Ms. Zarate is presently employed with Defendant as a Medical Assistant.

3. Defendant is a Minnesota Nonprofit Corporation, operating health care facilities. Among other facilities, Defendant operates La Clinica and the East Side Family Clinic, both located in the City of St. Paul, County of Ramsey. Defendant has over $29.8 million in assets and had $23.6 million of revenue in 2012.

4. At all times relevant to this Complaint, Plaintiffs and Defendant were "employee" and "employer" respectively, within the meaning of Minnesota Statutes §§ 181.931 and 177.23.

5. The acts alleged in this Complaint fall within the general subject matter of this Court.

6. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1331 because the case arises under federal law. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. 1391(a) and (b). Defendant is a resident of this District and subject to personal jurisdiction here.

**Facts**

8. Plaintiffs work or worked as Medical Assistants at Defendant's La Clinica location.

9. Medical Assistants are paid an hourly rate for their work.

10. Defendant typically schedules Plaintiffs to work 40 hours per week, but Plaintiffs work more than 40 hours per week from time to time.

11. Defendant has not paid Medical Assistants for all time worked over 40 hours per week.

12. Medical Assistants have performed various tasks before their scheduled starting time.

13. Medical Assistants have not been compensated for these tasks that they complete prior to their schedule starting time from time to time.

14. The following is a summary of the tasks that Medical Assistants have completed before they begin receiving pay for their work:

    a. Turn on equipment in patient rooms (thermometer, computer, lights);

    b. Stock patient rooms;

    c. Make copies of Pharmacy Consent Forms and Health Care Directives;

    d. Check the patient schedule to ensure that they have the right number of patients per provider and verify patients are due for a

        check-up by referencing Defendant's software program, Well Child Check;

    e. Log in to nurse station; and

    f. Stock lab basket.

15. This entire process has taken the Medical Assistants a little over 20 minutes to complete in the morning from time to time.

16. Defendant has instructed Medical Assistants that they are not allowed to clock-in before 7:46 a.m.

17. Defendant utilizes a time keeping policy that rounds employee time clock-ins forward to the nearest quarter hour.

18. Thus, employees are not paid for work conducted before 8:00 a.m. because they are not allowed to punch-in until 7:46 a.m., at which time the system would round up to 8:00 a.m.

19. Employees typically punch in as soon as they are able to and remember, at 7:46 a.m.

20. In addition to working before the start of their shift, Medical Assistants are required from time to time to work past the end of their scheduled shift and Defendant had failed to pay them in full for some of that time.

21. On April 13, 2012, the nursing manager at the La Clinica location held a meeting with all nurses and Medical Assistants.

22. Part of the meeting was dedicated to reiterating the clinic's policy that employees must prepare patient rooms before 8:00 a.m. so that patients can be seen promptly at the start of the day.

23. Additionally, the manager told employees that they must not complain about having to work past the end of their scheduled shift or they would be suspended without pay.

24. At the conclusion of the meeting, La Clinica's Management required each nurse and Medical Assistant to sign a statement that included the following provisions:

   a. "I will be at work by 0755, ready to work and have my first patient roomed for his or her 0800 appointment"

   b. "My patient rooms will be stocked at the beginning of each clinic"

   c. "I will not display 'attitude' or verbalize negative feelings regarding patient care or having to stay past 12:00 p.m. or 4:30 p.m. This is an expectation of my job, and any job in healthcare."

   d. "Cindy will begin the Corrective Action Process if she sees or hears any of the above activity lead to a suspension without pay, and past that may lead to the loss of a position."

25. The form concluded with a statement above the signature line that stated, "I have listened to these points in the meeting and agree to follow them."

26. In addition to permitting Medical Assistants to work off the clock from time to time, Defendant has automatically deducted 30 minutes from Plaintiffs' shifts from time to time, despite the fact that they did not receive a restful break.

27. Finally, on many days Medical Assistants are unable to take breaks throughout the day due to understaffing.

### Collective Action Allegations

28. Plaintiffs bring Count Two of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "Federal Collective Group" is defined as:

> All individuals who worked for Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

29. The Federal Collective Group also includes the named Plaintiffs in this action. Plaintiffs reserve the right to modify this definition prior to conditional certification of the Federal Collective Group.

30. Plaintiffs and other Medical Assistants are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of not paying overtime premium wages for work performed in excess of 40 hours per week.

31. Defendant permitted Plaintiffs and members of the Federal Collective Group to work more than 40 hours per week without payment of full overtime compensation from time to time.

32. Defendant failed to properly compensate Plaintiffs for all time worked.

33. Count Two of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Plaintiffs are similar to the claims of current and former Medical Assistants who worked for Defendant.

34. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.

**Class Action Allegations**

35. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Minnesota Rules of Civil Procedure on behalf of a class defined as follows:

> All individuals who worked or Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

Plaintiffs reserve the right to redefine the class prior to class certification.

36. Numerosity: Members of the proposed class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiffs at this time. However, upon information and belief, it is approximately 30 individuals. The true number of proposed class members is, however, likely to be known by Defendant, and thus, class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's payroll records.

37. Commonality: There are numerous questions of law and fact common to Plaintiffs and the proposed class; those questions predominate over any questions that may affect individual Class members, and include the following:

   a. whether Plaintiffs and members of the proposed class are "employees" as defined by Minnesota law;

   b. whether Defendant legally withheld wages earned by Plaintiffs and members of the proposed class;

   c. whether Defendant has violated the rights of Plaintiffs and members of the Class under the PWA or MFLSA by failing to pay them overtime premium wages, failing to allow them breaks throughout the workday, and automatically deducting 30 minutes from their timecards and paychecks for attending mandatory lunch meetings;

   d. whether Defendant failed to promptly pay Plaintiffs and members of the proposed class;

   e. whether Defendant has been unjustly enriched at the expense of Plaintiffs and members of the Class;

38. Typicality: Plaintiffs' claims are typical of the other members of the proposed class. Plaintiffs are informed and believe that, like other Medical Assistants, Defendant failed to pay them overtime wages and made illegal wage deductions from their wages.

39. Adequacy: The named Plaintiffs will adequately represent the interests of the proposed class. They have been treated in the same manner as other proposed

class members by Defendant and have been damaged by this treatment in the same manner as other proposed class members by Defendant's failure to pay overtime wages and illegal wage deductions. Plaintiffs are committed to vigorously prosecuting this action. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the proposed class.

40. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendant's liability for unpaid wages predominate over any other issues.

41. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed class. The expense and burden of individual litigation makes it impracticable for members of the proposed class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## Causes of Action

### Count One
### ILLEGAL WAGE DEDUCTIONS
Minn. Stat. §§ 181.01, et seq.
Brought by the named Plaintiffs on behalf of the Class

42. Plaintiffs re-allege all paragraphs of this Complaint.

43. Minnesota's PWA requires that employers within the state pay all wages earned with limited exceptions.

44. The PWA states: "Every employer must pay all wages earned by an employee at least once every 31 days on a regular pay day designated in advance by the employer regardless of whether the employee requests payment at longer intervals." Minn. Stat. § 181.101.

45. Defendant is liable to Plaintiffs and the Class for unpaid earned wages, a penalty equal to the value of the unpaid earned wages, attorneys' fees, reasonable costs, disbursements, witness fees, civil penalties and other appropriate relief. *See* Minn. Stat. §§ 181.101, 181.171; *see also Milner v. Farmers Ins. Exchange*, 748 N.W.2d 608, 617–618 (Minn. 2008) (stating that penalties are paid to the employee).

### Count Two
### FAILURE TO PAY OVERTIME
### TO THE FEDERAL COLLECTIVE GROUP
FLSA, 29 U.S.C. §§ 201 *et seq.*
On behalf of the named Plaintiffs and the Federal Collective Group

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

47. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

48. There are no exemptions applicable to Plaintiffs or to other members of the Federal Collective Group.

49. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint throughout Minnesota.

50. Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week, but did not receive full overtime pay for all overtime worked.

51. At all relevant times, Defendant had gross operating revenues in excess of $500,000.

52. As a result of Defendant's failure to pay overtime premium wages, Plaintiffs and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

53. Therefore, Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not

compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

Count Three
FAILURE TO PERMIT
SUFFICIENT MEAL TIME
MFLSA, Minn. Stat. 177.21, *et seq.*
On behalf of the named Plaintiffs and the Minnesota Class
against Defendant

54. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

55. Plaintiffs are members of a class that meets the requirements set forth in Rule 23 for certification and maintenance of a class action.

56. The MFLSA, Minn. Stat. § 177.254, requires employers to permit each employee who is working for eight or more consecutive hours sufficient time to eat a meal.

57. Defendant is an "employer" and Plaintiffs and class members are "employees" for purposes of the MFLSA. Additionally, Defendant is a "large employer" for purposes of Minn. Stat. § 177.24.

58. Defendant has violated the MFLSA by failing to provide employees a sufficient time to eat a meal from time to time.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the class members have suffered a loss of income and other damages.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully pray this Court award the following relief:

60. Certify the Federal Collective Group and the Minnesota Class, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class Counsel;

61. Enter judgment requiring Defendant to compensate Plaintiffs and the other members of the Class for the reasonable value of the benefits Plaintiffs provided to Defendant;

62. Award reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

63. Award payment of any penalties or other amounts under any applicable laws, statutes or regulations, including but not limited to liquidated damages;

64. Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

65. Award Plaintiffs reasonable attorneys' fees and costs;

66. Award Plaintiffs and the other members of the Class punitive damages in an amount to be determined at trial; and

67. Grant such other and further legal and equitable relief as this Court deems just and necessary.

## Jury Demand

Plaintiffs demand trial by jury on all counts where jury is available.

Dated this 22nd day of January 2014.   BAILLON THOME JOZWIAK & WANTA LLP

                                                 s/ Shawn J. Wanta
Shawn J. Wanta, #0389164
Christopher D. Jozwiak #386797
222 South Ninth Street, Suite 2955
Minneapolis, MN  55402
Telephone:  (612) 252-3570

*Attorneys for Plaintiff*

14