UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>                              Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br><br>                              Defendant. | Court File No. 14-cv-00207-SER<br><br>**Declaration of Shawn J. Wanta in Support of Joint Motion for Preliminary Settlement Approval, Conditional Certification of Settlement Class, Appointment of Class Counsel, Approval of Notice to Class Members, and Scheduling Final Hearing on Proposed Settlement** |

I, Shawn J. Wanta, declare:

   1.  I am an attorney duly licensed to practice before all the courts of the State of Minnesota and the District of Minnesota. I am a partner of the law firm of Baillon Thome Jozwiak & Wanta LLP. A true and correct copy of the firm's resume is attached as Exhibit A. I submit this declaration in support of the parties' Joint Motion for Preliminary Settlement Approval, Conditional Certification of Settlement Class, Appointment of Class Counsel, Approval of Notice of Class Members, and Scheduling Final Hearing on Proposed Settlement. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

   2.  Having investigated and researched the allegations of the complaint and conducted extensive analyses of the facts, law and related issues, my firm and I

were in a position to fully evaluate the strengths and weaknesses of Plaintiffs' claims and Defendant's defenses.

3. My firm engaged in hard-fought, arms-length settlement negotiations with Defense counsel, spanning several months.

4. In May 2013, I had an initial settlement discussion with Defendant's medical director followed by settlement discussions with Defendant's counsel, Ingrid Culp. Ms. Culp's resume can be found on www.fredlaw.com.

5. After continued discussions, the parties engaged in Mediation with Robert Reinhart of Reinhart Mediation, LLC on October 3, 2013. A true and correct copy of Mr. Reinhart's biography from Reinhart Mediation, LLC's website is attached as Exhibit B. The parties executed a term sheet following mediation, and spent the next approximately five months negotiating the details.

6. Counsel for the parties have determined that settlement is in the best interest of the Class as well as the Defendant. Counsel have devoted numerous hours toward diligently working through the myriad of issues attendant to a class action settlement of this nature.

7. Prior to reaching this Settlement, the parties engaged in settlement negotiations, permitting them to assess the relative strengths and weaknesses of their respective positions and to compare the benefits of the proposed Settlement Agreement to further litigation. Defense counsel and I zealously negotiated on behalf of our respective clients' best interests, and a settlement was reached only after multiple settlement proposals had been exchanged and rejected.

8. Upon finally reaching agreement on the terms of Settlement, the parties subsequently drafted and negotiated the Settlement Agreement, exchanging several versions of the Agreement and the settlement exhibits, including the class notice, notice and claims administration program, as well as the proposed order approving settlement.

9. Ultimately, counsel negotiated the terms of a formal settlement document, the final version of which is the Settlement Agreement.

10. The Named Plaintiffs and proposed Settlement Class Members are or were hourly employees earning an hourly wage, the average of which is just over $15.00 per hour. The Named Plaintiffs and I considered the fact that many class members are persons of modest means who would benefit from a certain and relatively immediate recovery.

11. Additionally, because the proposed settlement compensates Plaintiffs and the Settlement Class for all estimated damages, any litigation would be solely for additional punitive damages, some of which a jury may permissibly choose not to award.

12. My analysis of Defendant's policies, payroll records, and other facts shows that the Settlement Fund provides compensation for unpaid wages and premium pay, and partially compensates Plaintiffs and Settlement Class Members for a portion of additional, punitive compensation provided for by the FLSA.

13. To continue litigating would be an extremely expensive and time consuming proposition that would delay recovery for Settlement Class Members, if any, for years.

14. In light of all of these considerations, a settlement with a certain outcome is prudent. The proposed Settlement Agreement, attached as Exhibit C, reflects careful consideration by the parties of the benefits, burdens, and risks associated with continued litigation of this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of March in Minneapolis, MN.

                                                  s/Shawn J. Wanta
                                                  Shawn J. Wanta