UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals, | Court File No. 14-cv-00207-SER |
| Plaintiffs, | |
| v. | **Declaration of Shawn J. Wanta in Support of Joint Motion for Preliminary Settlement Approval, Conditional Certification of Settlement Class, Appointment of Class Counsel, Approval of Notice to Class Members, and Scheduling Final Hearing on Proposed Settlement** |
| WEST SIDE COMMUNITY HEALTH SERVICES, INC., | |
| Defendant. | |

# Exhibit C

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>              Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>              Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br> Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement and Release of Claims (the "Agreement") is

voluntarily made and entered into by Plaintiffs Evangelina Chavez and Jarely

Zarate ("Plaintiffs"), on behalf themselves and of all others similarly situated (the

"Settlement Class"), and Defendant West Side Community Health Services, Inc.,

("Defendant") (all individuals and entities collectively, "the Parties").

## 1.  NATURE OF THE ACTION

1.1    WHEREAS, on or about April 23, 2013 Plaintiffs notified Defendant

that they intended to bring a collective and class action lawsuit against Defendant

on behalf of themselves and all other individuals who work or worked as full time

medical assistants for Defendant at the company's La Clinica or East Side Family

Clinic locations (the "Litigation"), alleging that Defendant engaged in a common

1

practice, policy, or plan of failing to pay Plaintiffs and similarly situated individuals for all hours worked and overtime premium pay.

1.2    WHEREAS Defendant denies and contests all collective and class allegations and contends that it fully compensated the Named Plaintiffs and other medical assistants for all hours worked, including paying required overtime premium pay.

1.3    WHEREAS, the parties have engaged in extensive negotiations lasting over six months, including full-day mediation facilitated by Robert Reinhart, retired partner of Dorsey & Whitney on October 3, 2013.

1.4    WHEREAS, for settlement purposes only, the Parties have stipulated to certification of the Settlement Class defined herein, and will request that the Court certify such Settlement Class pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act (FLSA), and this Agreement.

1.5    WHEREAS, the parties further stipulate and agree that if certification of this Settlement Class is denied for purposes of settlement, Plaintiffs reserve the right to seek certification of one or more classes for class or collective action litigation purposes, and Defendant reserves the right to oppose any such motion for certification for litigation purposes as if this stipulation for certification of the Settlement Class had never been made.

1.6    WHEREAS the Parties recognize there are inherent risks and uncertainties with respect to the outcome of the Litigation.

2

1.7    WHEREAS the Parties believe that entering into this Agreement at this time is in the best interests of the Parties and desire to compromise and settle all claims made in, arising out of, or relating to the Litigation.

1.8    NOW, THEREFORE, the Parties STIPULATE AND AGREE as follows:

## 2.  DEFINITIONS

2.1    Agreement: means this Settlement Agreement, including all Exhibits attached hereto.

2.2    Attorneys' Fees and Expenses: means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees and expenses in connection therewith, as described more particularly in Section 15 of this Agreement. Such Attorneys' Expenses shall be paid by Defendant.

2.3    Claim: means a request for relief pursuant to Section 10 of this Agreement submitted by a Settlement Class Member in accordance with the terms of the Agreement.

2.4    Class and Collective Action Complaint: The document attached hereto as Exhibit 1, which was filed with the Court as Dkt. 1 on January 22, 2014.

2.5    Class Counsel: means Shawn J. Wanta and Christopher D. Jozwiak of the law firm of Baillon Thome Jozwiak & Wanta LLP as Class Counsel.

3

2.6   <u>Class Period</u>: means the period of time beginning October 4, 2011, and ending October 3, 2013. This period shall apply to both the Rule 23 class and the opt-ins in the FLSA collective action.

2.7   <u>Class Representatives</u>: means the Named Plaintiffs, Evangelina Chavez and Jarely Zarate.

2.8   <u>Class Settlement Notice</u>: means the form of notice, attached as Exhibit 2, to be disseminated to Settlement Class Members informing them about the terms of the Agreement and their rights to participate in the Agreement, to Opt Out, or to Object to the same; and to appear at the Final Approval Hearing.

2.9   <u>Court</u>: means the United States District Court for the District of Minnesota.

2.10  <u>Defendant</u>: means the defendant in this lawsuit, West Side Community Health Services, Inc., including any present or former parent entities, subsidiaries, related or affiliated entities, shareholders, officers, directors, employees, agents, attorneys, insurers, successors, or assigns.

2.11  <u>Defense Counsel</u>: means Ingrid N. Culp of the law firm Fredrikson & Byron, P.A.

2.12  <u>Effective Date</u>: of the Agreement shall be the date on which the following conditions of settlement have occurred:

4

a.  The Court has granted final approval of the Agreement, following Class
    Settlement Notice and a hearing, as prescribed by Rule 23 of the Federal
    Rules of Civil Procedure;

b.  The Court has entered Final Judgment in a form that is the same in all
    material respects as that set forth in Exhibit 6; and

c.  The Final Judgment has become non-appealable.

2.13 <u>Eligible Weeks</u>: means the defined weeks or partial weeks that the
Qualified Claimant worked in the position of full time Medical Assistant during
the Class Period with an agreed upon average deduction for each member of the
Settlement Class for vacation, sick leave, holidays, and other time off work at the
rate of: 0–12 weeks = 0 weeks deducted, 13–26 weeks = 1 week deducted, 27–39
weeks = 2 weeks deducted, and 40 or more weeks = 3 weeks deducted.

2.14 <u>Final Approval Hearing</u>: means the hearing to be conducted by the Court
in connection with its determination of the fairness, adequacy, and reasonableness
of the Agreement in accordance with applicable jurisprudence.

2.15 <u>Final Judgment and Order Approving Settlement</u>: means the Final
Judgment and Order Approving Settlement to be entered by the Court,
substantially in the form of Exhibits 6 and 7 and conforming to Section 7.6 of this
Agreement, approving the Agreement without material alteration, as fair,
adequate, and reasonable, confirming the certification of the Settlement Class for
purposes of the Agreement only, and issuing such other findings and

determinations as the Court and/or the Parties deem necessary and appropriate to implement the Agreement.

2.16 <u>Incentive Award</u>: means the payment approved by the Court to compensate the Class Representatives for efforts undertaken by them on behalf of the Settlement Class Members, as described more fully in Section 13.6.

2.17 <u>Litigation</u>: identifies this threatened lawsuit, *Chavez, et al. v. West Side Community Health Services, Inc.*, 0:14-cv-00207-SER (D. Minn.).

2.18 <u>Named Plaintiffs</u>: means the named plaintiffs in this lawsuit, Evangelina Chavez and Jarely Zarate.

2.19 <u>Notice Program</u>: means the plan approved by the Court for disseminating the Class Settlement Notice to Settlement Class Members.

2.20 <u>Opt Out and Objection Date</u>: means the date, to be set by the Court, by which a Request For Exclusion must be submitted to Class Counsel and Defense Counsel in order for a Settlement Class Member to be excluded from the Settlement Class, and the date by which Settlement Class Members must submit objections to Class Counsel and Defense Counsel, if any, to the Settlement in accordance with Section 10.2 of this Agreement.

2.21 <u>Parties</u>: means Plaintiffs and Defendant collectively.

2.22 <u>Party</u>: means either the Named Plaintiff(s) or Defendant individually.

2.23 <u>Preliminary Approval</u>: means the order to be entered by the Court, substantially in the form of Exhibit 5 and conforming to Section 7.1 of this

Agreement, conditionally certifying the Settlement Class for settlement purposes only; preliminarily approving the Agreement, setting the date of the Final Approval Hearing; appointing the Named Plaintiff's Counsel as Class Counsel for the Settlement Class; approving the Notice Program, and the form of Class Notice; and setting dates for the Opt Out and Objection Date and Notice Dates.

2.24 <u>Qualified Claimant</u>: means all members of the Settlement Class who submit a valid and timely Settlement Claim Form to Class Counsel.

2.25 <u>Request(s) for Exclusion</u>: means the written communication that must be submitted to Class Counsel and Defense Counsel and postmarked on or before the Opt Out and Objection Date by a Settlement Class Member who wishes to be excluded from the Settlement Class.

2.26 <u>Settlement Claim Form</u>: means the form submitted by a Settlement Class Member who wishes to make a Claim under the terms of the Agreement, as is described in Section 10.1 of this Agreement. A copy of the proposed Settlement Claim Form is attached in the form of Exhibit 3.

2.27 <u>Settlement Claims Deadline</u>: means a date, to be set by the Court, by which a Settlement Class Member must submit a Settlement Claim Form to Class Counsel in order to be a Qualified Claimant.

2.28 <u>Settlement Class</u>: means all individuals who worked for Defendant as a full-time medical assistant at La Clinica or East Side Family Clinic at any time

during the Class Period. This term shall apply to both the Rule 23 class and opt-ins to the FLSA collective action.

2.29 Settlement Class Member:  means any member of the Settlement Class who does not elect to "opt-out" of participating in this Agreement.

2.30 Settlement Fund:  Shall be in the amount of Eighty Thousand Dollars ($80,000.00).

## 3.  JURISDICTION

3.1    The Court has jurisdiction over the Parties and the subject matter of this action. The Litigation includes both federal and state law claims that, while Defendant denies them in their entirety, would, if proven, authorize the Court to grant relief pursuant to the statutes and common laws cited therein. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims.

3.2    If the Agreement is fully and finally approved, the Court will dismiss the Litigation with prejudice and will retain jurisdiction of this action solely for the purpose of interpreting, implementing, and enforcing the Agreement consistent with the terms of this Agreement.

3.3    The Parties stipulate that, for settlement purposes only, the Settlement Class, as defined in Section 2 of this Agreement, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore class certification is appropriate.

3.4    The Parties agree that the Court's Preliminary Approval of this Agreement constitutes certification of the Rule 23 and FLSA Opt-In Class for settlement purposes only.

3.5    Failure to obtain Preliminary Approval or Settlement Class certification defined in this Agreement will cause this Agreement to be void and unenforceable, except that it shall not prohibit or preclude the Named Plaintiffs' right to move the court to amend the Complaint in this Litigation without objection, and the Parties' stipulation to toll the statute of limitations as of October 3, 2013, with regard to the allegations in the Litigation.

3.6    If this Agreement becomes void or unenforceable or is otherwise terminated due to the Parties failure to obtain Preliminary or Final Approval or Settlement Class certification, the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, defenses, or objections in the Litigation.

## 4.  STATEMENT OF NO ADMISSION

4.1    Defendant denies liability upon any claim or cause of action presented or alleged or which may have been presented or alleged in the Litigation arising from or relating to the claims alleged.

4.2    This Agreement does not constitute an admission by Defendant as to the merits, validity, or accuracy of the allegations or claims made against it in the Litigation.

4.3    Nothing in this Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Agreement, or introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the Court entered into or in connection therewith.

4.4    In the event that this Agreement is not preliminarily or finally approved by the Court, or otherwise fails to be effective and enforceable or is otherwise terminated as may be permitted herein, the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, objections, or defenses in the Litigation. If the Court does not grant Final Approval of this Agreement, and the case is subsequently dismissed without reaching settlement, the Parties stipulate that the statute of limitations is tolled as of October 3, 2013 for all claims specifically pled in the initial Complaint in this Litigation.

## 5.  CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

5.1    The Named Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Named Plaintiffs and Class Counsel recognize and acknowledge the expense,

10

complexities, and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.

5.2     The Named Plaintiffs and Class Counsel have taken into account the uncertain outcome and the risk of this Litigation, especially the multi-party, collective, and class action components of this Litigation, as well as the difficulties, delays, and risks of collection inherent in the Litigation.

5.3     The Named Plaintiffs and Class Counsel believe that the Agreement confers substantial benefits upon the Named Plaintiffs and the Settlement Class and is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and the Settlement Class.

## 6.  WAIVER, RELEASE AND DISMISSAL

6.1     The Named Plaintiffs and all members of the Settlement Class who do not "opt-out" or request exclusion from the Settlement Class within the time frame permitted by the approved Settlement Claim Form (i.e., "Settlement Class Members") will be bound by the terms of this Agreement. In such event, each Settlement Class Member shall have released Defendant from the claims, debts, demands, actions, or causes of action of whatever kind and nature, whether known or unknown, as defined in Section 6.2, and will be permanently and forever barred from suing or otherwise making any released claim against Defendant (as defined in Section 6.2 below).

6.2    The Named Plaintiffs, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, and each Settlement Class Member, on behalf of himself/herself and his/her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns hereby forever release, discharge, and covenant not to sue Defendant (as defined in Section 2.10 above) with respect to any and all claims, debts, demands, actions,  or other causes of action of whatever kind and nature, whether known or unknown, arising from or relating to (1) the Fair Labor Standards Act, (2) the Minnesota Fair Labor Standards Act, (3) any claims for unpaid wages, overtime, or benefits, including, but not limited to, holiday pay, workers' compensation benefits, unemployment benefits, pension or retirement plan benefits, or missed meal, break or rest periods, (4) any claims for failure to make accurate payments that are derivative of, or in any way related to, any wage and hour, or overtime premium pay; (5) any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (4) above.

6.3    The Named Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any claims released above.

6.4    Class Counsel's signing of this Agreement, when approved by the Court and such approval has become final, fully effectuates the above releases.

## 7.   REQUIRED EVENTS AND COOPERATION BY THE PARTIES

7.1    As soon as reasonably practicable after execution of the Agreement, the Parties shall submit the Agreement, including all Exhibits, to the Court for its Preliminary Approval and shall jointly move the Court for entry of an order, substantially in the form of Exhibit 5 attached hereto, which by its terms shall:

(a)    Determine preliminarily that this Agreement and the Settlement set forth herein fall within the range of reasonableness meriting possible final approval and dissemination of Class Settlement Notice to the Settlement Class;

(b)    Determine preliminarily that the Class Representatives are members of the Settlement Class and that, for purposes of the Settlement, they satisfy the requirements of typicality, and that they adequately represent the interests of the Settlement Class Members, and appoint them as the representatives of the Settlement Class;

(c)    Conditionally certify the Settlement Class under Rule 23(b)(3) and the FLSA for purposes of settlement only;

(d)    Appoint Class Counsel pursuant to Rule 23(g);

(e)    Schedule the Final Approval Hearing to: (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Agreement; (iii) consider the fairness,

13

reasonableness, and adequacy of the Settlement; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of Requests for Exclusion and exclude from the Settlement Class those Persons who validly and timely opt out; and (vi) consider whether the Court shall issue the Final Judgment and Order Approving Settlement approving the Settlement and dismissing the Actions with prejudice;

(f)    Set a briefing schedule for the Final Approval Hearing;

(g)    Approve the proposed Settlement Class Notice and Notice Program;

(h)    Direct Defendant to cause the Settlement Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Settlement Class Notice Date;

(i)    Determine that the Settlement Class Notice and the Notice Program:  (i) meet the requirements of Rule 23(c)(3) and due process; (ii) are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object to the proposed Settlement, opt out of the Settlement Class, or participate within the timeframe provided herein; and (iv) are reasonable and

14

constitute due, adequate, and sufficient notice to all those entitled to receive notice.

(j)  Require each Settlement Class Member who wishes to opt out of the Settlement Class to submit a timely written Request for Exclusion, on or before the Opt Out and Objection Date, to Class Counsel and to Defense Counsel, as specified in Section 10.2 of this Agreement;

(k)  Rule that any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Action;

(l)  Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the award of Attorneys' Fees and Expenses, or to an Incentive Award, to submit to Class Counsel and Defense Counsel, by the Opt Out and Objection Date, a statement of his or her objection, as well as the specific reason for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to make an appearance at the Final Approval Hearing, or be forever barred from separately objecting; and

(m)  Establish the following:

15

1.      The date and time of the Final Approval Hearing.

2.      The Notice Dates: The Parties propose that the Class Settlement Notice Date be fifty-five (55) days before the Final Approval Hearing.

3.      The Opt Out and Objection Date:  The Parties propose that the Opt Out and Objection Date be the date that is fourteen (14) days prior to the Final Approval Hearing.

4.      Settlement Claims Deadline:  The Parties propose that the Settlement Claims Deadline for submission of Settlement Claim Forms be within forty-five (45) days from the mailing of Class Settlement Notice.

7.2     The Parties represent and acknowledge that each intends to implement the Agreement.  The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Agreement.

7.3     The Parties stipulate to the certification of the Settlement Class for purposes of the Agreement and settlement purposes only.

7.4     The Parties shall submit this Agreement and its Exhibits to the Court as soon as practicable and shall take all appropriate steps to obtain an order substantially in the form attached hereto as Exhibit 5, (a) preliminarily approving

16

this Agreement, (b) approving the Class Settlement Notice in the form attached hereto as Exhibit 2, (c) approving the Settlement Claim Form, attached hereto as Exhibit 3, (d) appointing Shawn J. Wanta and Christopher D. Jozwiak of the law firm of Baillon Thome Jozwiak & Wanta LLP as Class Counsel, and (e) setting a final hearing on the proposed Agreement.

7.5    Plaintiffs filed a Class and Collective Action Complaint, attached as Exhibit 1, as Dkt. 1 on January 22, 2014 in order to initiate the action so that the Court may issue the appropriate orders to facilitate this settlement.

7.6    The Parties agree to seek an Order dismissing the Litigation with prejudice and such other and additional orders upon the final approval of this Agreement.

## 8.   SETTLEMENT ADMINISTRATION

8.1    Class Counsel shall facilitate notice to the Settlement Class and administer the claims process.

8.2    Defendant shall be responsible for providing Class Counsel with the necessary information to facilitate notice and claims administration (including, but not necessarily limited to, the full legal name, last known address, and dates of employment of each Settlement Class Member).

8.3    Defendant shall be responsible for issuing payment directly to each Settlement Class Member through its standard payroll system and issue the

appropriate tax forms pursuant to Guaranteed Individual Settlement Shares that are calculated by Class Counsel.

8.4   Class Counsel shall pay the costs of notice and administration. Defendant shall bear the costs associated with issuing payment and tax reporting for settlement payments.

## 9.  NOTICE

9.1   Upon preliminary approval by the Court, an individual Notice of Pendency of Class Action and Opportunity to Opt Out and Proposed Settlement and Hearing Date ("Settlement Class Notice") will be issued to each member of the Settlement Class via first class regular United States mail using the most current mailing address information available from Defendant's records. Defendant will cooperate with Class Counsel and the settlement administrator in providing the most current information from its records for purposes of mailing the Notice. A copy of the Notice is attached hereto as Exhibit 2.

9.2    An approved Settlement Claim Form/Opt Out Form (hereinafter "Settlement Claim Form") will be included as part of the notice. A copy of the Settlement Claim Form/Opt Out Form is attached hereto as Exhibit 3.

9.3   Prior to dissemination of the Settlement Class Notice, West Side Chief Executive Officer, Jaseon T. Fournier, will send a letter to the Settlement Class on behalf of West Side. The purpose of the letter is to notify Settlement Class

18

Members to expect Notice from Baillon Thome Jozwiak & Wanta LLP. A copy of this letter is attached hereto as Exhibit 4.

## 10.  CLAIMS FILING OR OPT-OUT PROCEDURES

10.1   In order to receive his/her share of the Settlement Fund, each Settlement Class Member must return a completed, valid Settlement Claim Form to Class Counsel postmarked no later than 40 days after the initial mailing of the notices. All timely completed and returned Settlement Claim Forms shall entitle the member of the Settlement Class to his/her Share of the Settlement Fund unless the member of the Settlement clearly indicated his/her intent to opt out of the Agreement. In no event may any member of the Settlement Class opt out of the Agreement and claim his/her Share of the Settlement Fund.

10.2   A Settlement Class Member who wishes to opt out of the Settlement Class must do so on or before the Opt Out and Objection Date.  In order to opt out, a Settlement Class Member must complete and send to Class Counsel and Defense Counsel a Request For Exclusion that is post-marked no later than the Opt Out and Objection Date.  The Request For Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.  So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple individuals shall not be allowed.

19

10.3   Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms.

10.4   Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement.

## 11. SETTLEMENT FUND

11.1   Within three (3) business days following the Court's Final Approval of the Agreement, Defendant shall segregate the total amount of Eighty Thousand Dollars ($80,000.00) (the "Settlement Fund") for the exclusive purpose of making payments to Settlement Class Members.

11.2   Each Settlement Class Member who files a claim under this Agreement shall receive his/her share of the Settlement Fund in accordance with the Settlement Fund Allocation (as defined in Section 13 below).

## 12. PAYMENT OF CLAIMS FROM SETTLEMENT FUND

12.1   After Final Approval of the Agreement by the Court, Defendant shall be responsible for issuing all settlement payments to each Qualified Claimant not later than seven (7) days after the Effective Date.

12.2   For tax reporting purposes, Defendant shall report all settlement payments made to Settlement Class Members under this Agreement as wage compensation to the Settlement Class Member receiving settlement payments. Each Settlement Class Member who is paid a settlement payment under this Agreement shall receive an IRS Form W-2 reflecting such settlement payment for the year in which the settlement payment is made, and such Settlement Class Member shall be responsible for payment of any taxes on such settlement payments. Except as set forth in the previous sentence, Defendant shall be responsible and assume liability for any additional or other tax liability that may be imposed as a result of this designation of any settlement payments as wage compensation, except that Defendant shall not be liable or responsible to the Settlement Class Member for any additional payments under this Section.

12.3   No Settlement Funds, other than settlement administration and mediation costs, will be disbursed from the Settlement Fund until this Agreement has been finally approved and the Litigation is finally dismissed with prejudice and all appeals or periods for appeals have expired.

12.4   In the event the Litigation is not finally dismissed or is vacated or reversed on appeal, all Settlement Funds shall be immediately returned to Defendant.

## 13. SETTLEMENT FUND ALLOCATION

13.1   The Settlement Fund shall be allocated as follows:

13.2   Each Settlement Class Member who submits a sufficient and timely claim for settlement shall be paid his or her share of the balance of the Settlement Fund ("Share").

13.3   Class Counsel shall calculate each Settlement Class Member's "Guaranteed Individual Settlement Payment" as follows:

13.4   In consideration for the settlement and release of claims by members of the Settlement Class, Defendant agrees to pay each member of the Settlement Class who returns a valid and timely Consent to Join Settlement Claim Form ("Qualified Claimant") a Share of the Settlement Fund based on the respective number of Eligible Weeks for each member of the Settlement Class. Qualified Claimants shall be paid at a maximum rate of $50.00 per Eligible Week. If more weeks are claimed than there are available funds to pay claims at the $50.00 per week rate, then the rate will be reduced proportionally to whatever number would not exceed the funds available for payment of claims made by members of the Settlement Class. The calculation of Shares by this formula does not imply that all the elements of damages alleged in the Litigation are not being taken into account. This formula was devised as a practical and logistical tool to simplify the claim process. If the total payments exceed the Settlement Fund, then the payments to Qualified Claimants shall be decreased proportionally. Individual Shares not claimed by members of the Settlement Class shall be retained by Defendant.

13.5   No individual settlement class member's Share shall exceed $5,000.

13.6   The Named Plaintiffs may petition the Court for approval of service payments in the amount of $1,000 to Evangelina Chavez and $1,000 to Jarely Zarate in recognition of their time and effort in serving the class by helping Class Counsel formulate claims and assisting in the litigation and settlement process. Defendant will not object to the Named Plaintiffs' petition for service payments. These service payments are separate from and in addition to the shares of the settlement fund that the Named Plaintiffs may be eligible to receive as class members, although the payments will be made from the Settlement Fund.

13.7   Any Settlement Funds unclaimed for a period of 90 days after mailing of settlement checks shall be retained by Defendant.

13.8   The above-described allocation will be performed solely by Class Counsel and is subject to Court approval.

13.9   Defendant and Defense Counsel will cooperate with Class Counsel to provide information from Defendant's records for purposes of locating persons in the class and in determining the values to be used in calculating each Settlement Class Member's Share of the Settlement Fund.

## 14. COURT APPROVAL

14.1   The Parties agree to take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Agreement in all respects.

## 15. ATTORNEYS' FEES AND COSTS

15.1    Class Counsel agrees to make an application for the award of Attorneys' Fees and Expenses in this Action not to exceed $60,000.00 and Defendant agrees not to oppose such application.  If awarded by the Court, such Attorneys' Fees and Expenses will be paid to Class Counsel by Defendant within seven (7) days after the Entry of the Final Judgment and Order Approving Settlement. If the Final Judgment and Order Approving Settlement is reversed, vacated, modified, and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in affirmance of the Final Judgment and Order Approving Settlement as to any matter other than a reduction of Attorneys' Fees and Expenses, then Class Counsel shall within twenty (20) business days return to Defendant the amount of Attorneys' Fees and Expenses paid.  If the award of Attorneys' Fees and Expenses is reduced after entry of the Final Judgment and Order Approving Settlement, then Class Counsel shall within twenty (20) business days return to Defendant the amount by which the Attorneys' Fees and Expenses have been reduced.  The Parties agree that the provisions of this paragraph requiring repayment under the specified circumstances may be enforced by mandatory injunctive relief.

## 16.  MISCELLANEOUS PROVISIONS

16.1   This Agreement, and any payments made pursuant to it, including payments made pursuant to the claim procedures set forth herein, will have no effect on the eligibility or calculation of benefits of current or former agents of Defendant not covered by this Agreement.

16.2   The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

16.3   The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.

16.4   As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and Defense Counsel, take all necessary steps to secure the Court's Final Approval of this Agreement.

16.5   The Parties agree to the stay of all proceedings in this Litigation, except such proceedings as may be necessary to complete and implement the Agreement, pending final Court approval of the Agreement.

16.6   This Agreement shall be interpreted and enforced under the laws of the State of Minnesota without regard to its conflicts of law provisions.

16.7   Any claim arising out of or relating to the Agreement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the District of Minnesota, and the parties hereby consent to the personal jurisdiction of the Court over them solely in connection therewith.

16.8   The terms of this Agreement are confidential until it is filed in the Court. The Named Plaintiffs agree that they will take no action to unduly publicize the settlement of the Litigation. Notwithstanding the above, counsel for any party may take actions to implement this agreement, including publically filing it with the Court and issuing court approved Notice.

16.9   The Parties to this Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

16.10   The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the Settlement Class they represent, and Defendant accept entry of this Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Agreement. This

Agreement may be modified only by writing and signed by the original signatories and approved by the Court.

16.11  This Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**IT IS HEREBY AGREED:**

Dated:  March 4, 2014                BAILLON THOME JOZWIAK & WANTA LLP

s/ Shawn J. Wanta
Shawn J. Wanta, #0389164
Christopher D. Jozwiak #386797
222 South Ninth Street
Suite 2955
Minneapolis, MN  55402
Telephone:  (612) 252-3570

*Attorneys for Named Plaintiffs*

Dated: March 6, 2014                    FREDRIKSON & BYRON, P.A.

                                         s/ Ingrid N. Culp
                                        _____
                                        Ingrid N. Culp
                                        200 Sixth Street South
                                        Suite 4000
                                        Minneapolis, MN 55402
                                        Telephone: 612-492-7188

                                        *Attorneys for Defendant West Side Health
                                        Services, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> -v- <br><br><br> WEST SIDE COMMUNITY HEALTH SERVICES, INC. <br><br> Defendant. | Civ. No.:_____ <br><br> Judge:_____ <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

This is a Class and Collective Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals who are or were employed by Defendant as Medical Assistants. Plaintiffs Evangelina Chavez and Jarely Zarate bring this suit against Defendant West Side Community Health Services, Inc., ("Defendant") under the Minnesota Payment of Wages Act ("PWA"), the Fair Labor Standards Act ("FLSA"), and the Minnesota Fair Labor Standards Act ("MFLSA"). Plaintiffs work or worked for Defendant as Medical Assistants in St. Paul, Minnesota. Plaintiffs began work before clocking-in from time to time. Defendant failed to pay overtime premium pay for all hours worked in excess of the legal limits, as required by the FLSA. In addition, Plaintiffs worked through their allotted meal break from time to time, but Defendant deducted their paychecks as if Plaintiffs had been allowed sufficient meal time from time to time.

Plaintiffs, for their Complaint against Defendant, state and allege as follows:

## Parties, Jurisdiction, and Venue

1.  Plaintiff Evangelina Chavez is a resident of the City of Mounds View, County of Ramsey, State of Minnesota. Ms. Chavez worked for Defendant as a Medical Assistant from 2010 through August 2013.

2.  Plaintiff Jarely Zarate is a resident of the City of Hastings, County of Dakota, State of Minnesota. Ms. Zarate is presently employed with Defendant as a Medical Assistant.

3.  Defendant is a Minnesota Nonprofit Corporation, operating health care facilities. Among other facilities, Defendant operates La Clinica and the East Side Family Clinic, both located in the City of St. Paul, County of Ramsey. Defendant has over $29.8 million in assets and had $23.6 million of revenue in 2012.

4.  At all times relevant to this Complaint, Plaintiffs and Defendant were "employee" and "employer" respectively, within the meaning of Minnesota Statutes §§ 181.931 and 177.23.

5.  The acts alleged in this Complaint fall within the general subject matter of this Court.

6.  This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1331 because the case arises under federal law. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in this District under 28 U.S.C. 1391(a) and (b). Defendant is a resident of this District and subject to personal jurisdiction here.

**Facts**

8. Plaintiffs work or worked as Medical Assistants at Defendant's La Clinica location.

9. Medical Assistants are paid an hourly rate for their work.

10. Defendant typically schedules Plaintiffs to work 40 hours per week, but Plaintiffs work more than 40 hours per week from time to time.

11. Defendant has not paid Medical Assistants for all time worked over 40 hours per week.

12. Medical Assistants have performed various tasks before their scheduled starting time.

13. Medical Assistants have not been compensated for these tasks that they complete prior to their schedule starting time from time to time.

14. The following is a summary of the tasks that Medical Assistants have completed before they begin receiving pay for their work:

    a. Turn on equipment in patient rooms (thermometer, computer, lights);

    b. Stock patient rooms;

    c. Make copies of Pharmacy Consent Forms and Health Care Directives;

    d. Check the patient schedule to ensure that they have the right number of patients per provider and verify patients are due for a

check-up by referencing Defendant's software program, Well Child Check;

e. Log in to nurse station; and

f. Stock lab basket.

15. This entire process has taken the Medical Assistants a little over 20 minutes to complete in the morning from time to time.

16. Defendant has instructed Medical Assistants that they are not allowed to clock-in before 7:46 a.m.

17. Defendant utilizes a time keeping policy that rounds employee time clock-ins forward to the nearest quarter hour.

18. Thus, employees are not paid for work conducted before 8:00 a.m. because they are not allowed to punch-in until 7:46 a.m., at which time the system would round up to 8:00 a.m.

19. Employees typically punch in as soon as they are able to and remember, at 7:46 a.m.

20. In addition to working before the start of their shift, Medical Assistants are required from time to time to work past the end of their scheduled shift and Defendant had failed to pay them in full for some of that time.

21. On April 13, 2012, the nursing manager at the La Clinica location held a meeting with all nurses and Medical Assistants.

22. Part of the meeting was dedicated to reiterating the clinic's policy that employees must prepare patient rooms before 8:00 a.m. so that patients can be seen promptly at the start of the day.

23. Additionally, the manager told employees that they must not complain about having to work past the end of their scheduled shift or they would be suspended without pay.

24. At the conclusion of the meeting, La Clinica's Management required each nurse and Medical Assistant to sign a statement that included the following provisions:

    a. "I will be at work by 0755, ready to work and have my first patient roomed for his or her 0800 appointment"

    b. "My patient rooms will be stocked at the beginning of each clinic"

    c. "I will not display 'attitude' or verbalize negative feelings regarding patient care or having to stay past 12:00 p.m. or 4:30 p.m. This is an expectation of my job, and any job in healthcare."

    d. "Cindy will begin the Corrective Action Process if she sees or hears any of the above activity lead to a suspension without pay, and past that may lead to the loss of a position."

25. The form concluded with a statement above the signature line that stated, "I have listened to these points in the meeting and agree to follow them."

26. In addition to permitting Medical Assistants to work off the clock from time to time, Defendant has automatically deducted 30 minutes from Plaintiffs' shifts from time to time, despite the fact that they did not receive a restful break.

27. Finally, on many days Medical Assistants are unable to take breaks throughout the day due to understaffing.

### Collective Action Allegations

28. Plaintiffs bring Count Two of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "Federal Collective Group" is defined as:

> All individuals who worked for Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

29. The Federal Collective Group also includes the named Plaintiffs in this action. Plaintiffs reserve the right to modify this definition prior to conditional certification of the Federal Collective Group.

30. Plaintiffs and other Medical Assistants are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of not paying overtime premium wages for work performed in excess of 40 hours per week.

31. Defendant permitted Plaintiffs and members of the Federal Collective Group to work more than 40 hours per week without payment of full overtime compensation from time to time.

32. Defendant failed to properly compensate Plaintiffs for all time worked.

33. Count Two of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Plaintiffs are similar to the claims of current and former Medical Assistants who worked for Defendant.

34. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.

### Class Action Allegations

35. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Minnesota Rules of Civil Procedure on behalf of a class defined as follows:

> All individuals who worked or Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

Plaintiffs reserve the right to redefine the class prior to class certification.

36. Numerosity: Members of the proposed class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiffs at this time. However, upon information and belief, it is approximately 30 individuals. The true number of proposed class members is, however, likely to be known by Defendant, and thus, class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's payroll records.

37. Commonality: There are numerous questions of law and fact common to Plaintiffs and the proposed class; those questions predominate over any questions that may affect individual Class members, and include the following:

    a. whether Plaintiffs and members of the proposed class are "employees" as defined by Minnesota law;

    b. whether Defendant legally withheld wages earned by Plaintiffs and members of the proposed class;

    c. whether Defendant has violated the rights of Plaintiffs and members of the Class under the PWA or MFLSA by failing to pay them overtime premium wages, failing to allow them breaks throughout the workday, and automatically deducting 30 minutes from their timecards and paychecks for attending mandatory lunch meetings;

    d. whether Defendant failed to promptly pay Plaintiffs and members of the proposed class;

    e. whether Defendant has been unjustly enriched at the expense of Plaintiffs and members of the Class;

38. Typicality: Plaintiffs' claims are typical of the other members of the proposed class. Plaintiffs are informed and believe that, like other Medical Assistants, Defendant failed to pay them overtime wages and made illegal wage deductions from their wages.

39. Adequacy: The named Plaintiffs will adequately represent the interests of the proposed class. They have been treated in the same manner as other proposed

class members by Defendant and have been damaged by this treatment in the same manner as other proposed class members by Defendant's failure to pay overtime wages and illegal wage deductions. Plaintiffs are committed to vigorously prosecuting this action. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the proposed class.

40. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendant's liability for unpaid wages predominate over any other issues.

41. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed class. The expense and burden of individual litigation makes it impracticable for members of the proposed class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## Causes of Action

### Count One
### ILLEGAL WAGE DEDUCTIONS
Minn. Stat. §§ 181.01, et seq.
Brought by the named Plaintiffs on behalf of the Class

42. Plaintiffs re-allege all paragraphs of this Complaint.

43. Minnesota's PWA requires that employers within the state pay all wages earned with limited exceptions.

44. The PWA states: "Every employer must pay all wages earned by an employee at least once every 31 days on a regular pay day designated in advance by the employer regardless of whether the employee requests payment at longer intervals." Minn. Stat. § 181.101.

45. Defendant is liable to Plaintiffs and the Class for unpaid earned wages, a penalty equal to the value of the unpaid earned wages, attorneys' fees, reasonable costs, disbursements, witness fees, civil penalties and other appropriate relief. *See* Minn. Stat. §§ 181.101, 181.171; *see also Milner v. Farmers Ins. Exchange*, 748 N.W.2d 608, 617–618 (Minn. 2008) (stating that penalties are paid to the employee).

### Count Two
### FAILURE TO PAY OVERTIME
### TO THE FEDERAL COLLECTIVE GROUP
FLSA, 29 U.S.C. §§ 201 *et seq.*
On behalf of the named Plaintiffs and the Federal Collective Group

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

47. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

48. There are no exemptions applicable to Plaintiffs or to other members of the Federal Collective Group.

49. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint throughout Minnesota.

50. Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week, but did not receive full overtime pay for all overtime worked.

51. At all relevant times, Defendant had gross operating revenues in excess of $500,000.

52. As a result of Defendant's failure to pay overtime premium wages, Plaintiffs and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

53. Therefore, Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not

compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

Count Three<br>
FAILURE TO PERMIT<br>
SUFFICIENT MEAL TIME<br>
MFLSA, Minn. Stat. 177.21, <em>et seq.</em><br>
On behalf of the named Plaintiffs and the Minnesota Class<br>
against Defendant

54. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

55. Plaintiffs are members of a class that meets the requirements set forth in Rule 23 for certification and maintenance of a class action.

56. The MFLSA, Minn. Stat. § 177.254, requires employers to permit each employee who is working for eight or more consecutive hours sufficient time to eat a meal.

57. Defendant is an "employer" and Plaintiffs and class members are "employees" for purposes of the MFLSA. Additionally, Defendant is a "large employer" for purposes of Minn. Stat. § 177.24.

58. Defendant has violated the MFLSA by failing to provide employees a sufficient time to eat a meal from time to time.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the class members have suffered a loss of income and other damages.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully pray this Court award the following relief:

60. Certify the Federal Collective Group and the Minnesota Class, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class Counsel;

61. Enter judgment requiring Defendant to compensate Plaintiffs and the other members of the Class for the reasonable value of the benefits Plaintiffs provided to Defendant;

62. Award reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

63. Award payment of any penalties or other amounts under any applicable laws, statutes or regulations, including but not limited to liquidated damages;

64. Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

65. Award Plaintiffs reasonable attorneys' fees and costs;

66. Award Plaintiffs and the other members of the Class punitive damages in an amount to be determined at trial; and

67. Grant such other and further legal and equitable relief as this Court deems just and necessary.

## Jury Demand

Plaintiffs demand trial by jury on all counts where jury is available.

Dated this 22nd day of January 2014.     BAILLON THOME JOZWIAK & WANTA LLP

     s/ Shawn J. Wanta
Shawn J. Wanta, #0389164
Christopher D. Jozwiak #386797
222 South Ninth Street, Suite 2955
Minneapolis, MN  55402
Telephone:  (612) 252-3570

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>         Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>         Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals, | Court File No. 14-cv-00207-SER |
| Plaintiffs, | |
| v. | **NOTICE OF PENDENCY OF CLASS/COLLECTIVE ACTION AND OPPORTUNITY TO OPT OUT, OF CLASS ACTION AND PROPOSED SETTLEMENT, AND HEARING DATE** |
| WEST SIDE COMMUNITY HEALTH SERVICES, INC., | |
| Defendant. | |

---

**ATTENTION**

**All persons who work or worked for West Side Community Health Services, Inc., ("West Side") as full time medical assistants at any time between October 4, 2011 and October 3, 2013 ("Settlement Class"). Please read this Notice carefully. This Notice relates to a proposed settlement of class and collective action litigation. If you are a class member, it contains important information as to your rights as further described below.**

---

Pursuant to the order of the United States District Court, District of Minnesota issued _____, 2014, YOU ARE HEREBY NOTIFIED AS FOLLOWS: A settlement ("Settlement") has been reached between the parties in the lawsuit pending in the United States District Court, District of Minnesota on behalf of a Settlement Class consisting of all individuals who worked for West Side as full time medical assistants at the company's La Clinica or East Side Family Clinic locations at any time between October 4, 2011 and October 3, 2013. You have received this notice because records of West Side indicated that you worked as a full time medical assistant at the La Clinica or East Side Family Clinic location within this period. This notice is designed to advise you of how you can participate in this settlement and how to be excluded from the Settlement if you do not wish to participate in this Settlement.

1

## BACKGROUND OF THE CASE

The lawsuit is captioned *Chavez, et al. v. West Side Community Health Services, Inc.,* (the "Lawsuit"). The Court certified classes of individuals on _____, 2014. You may be a Settlement Class Member, based upon West Side's records. Plaintiffs allege that West Side failed to pay Plaintiffs and other full time medical assistants for all hours worked and overtime premium pay, and that as a result, current and former medical assistants are entitled to certain wages and benefits of employment, including back wages, reimbursement for expenses, overtime pay for hours worked in excess of 40 in a week, and compensation for missed meal and rest periods, and improper withholding of wages under various federal and state laws. Plaintiffs seek recovery under various federal and state wage and hour and employment laws. The parties have participated in extensive settlement negations with the assistance of an experienced mediator. As a result of these negotiations, the parties entered into a settlement agreement ("Settlement Agreement"). Each of the parties has entered into this Settlement with the intention to avoid further disputes and litigation and the attendant risk, inconvenience, and expense of continued litigation.

The Court has preliminarily approved the Settlement and certified the class of medical assistants. The Settlement Class consists of all persons who worked for West Side as full time medical assistants at the La Clinica or East Side Family Clinic locations between October 4, 2011 and October 3, 2013.

If you are part of the Settlement Class as defined above, you can participate in the Settlement by submitting a claim as described in this Notice.

## SUMMARY OF THE PROPOSED SETTLEMENT

### I.   SETTLEMENT FORMULA

The total maximum settlement sum is $140,000. ("Gross Settlement Value"). From this sum, Plaintiffs will request litigation costs, settlement administration costs, mediation costs, attorneys' fees, and incentive awards for the Class Representatives. Assuming these requests are granted in full, the settlement fund for the Plaintiff Class will be approximately $80,000.00 ("Settlement Fund"). The Settlement Fund will pay $80,000.00 to Settlement Class Members who file valid claims under the Settlement. The Settlement Administrator will be responsible for making payments from the Settlement Fund to Qualified Claimants (defined below) pursuant to the court-approved plan of distribution as described in the Settlement Agreement. This plan of distribution is based upon the total number of

Eligible Weeks worked by each Settlement Class Member, as reported for each Settlement Class Member on IRS W2 tax forms between October 4, 2011 and October 3, 2013 (the "Share"). Provided that the Court enters a final order consistent with the terms of the preliminary approval order, each Qualified Claimant will receive a share of the Settlement Fund that corresponds with the number of Eligible Weeks each Settlement Class Member worked during the class period.

## II.      THIS SETTLMEMENT IS NOT AN ADMISSION OF LIABILITY

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or should be construed as an admission by West Side that Plaintiffs' claims in the class and collective action litigation have merit or that West Side has any liability to Plaintiffs or the Settlement Class on those claims. West Side has vigorously denied all of Plaintiffs' material allegations. Specifically, West Side denies that Plaintiffs and the Settlement Class Members are owed any compensation as a result of the alleged failure to pay full time medical assistants for all hours worked and overtime premium pay.

Because of the inherent risk of trial on the merits, the risk of denial of class certification for purposes of litigation, and the delays associated with litigation, the Class Representatives and Class Counsel support this Settlement. Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members.

## III.     CALCULATION OF QUALIFIED CLAIMANTS' PROPORTIONATE SHARE OF THE SETTLEMENT

"Qualified Claimants" include all Settlement Class Members who submit a valid and timely Settlement Claim Form to the Settlement Administrator, Baillon Thome Jozwiak & Wanta LLP ("Baillon Thome"). Each member of the Settlement Class should have received a Settlement Claim Form with this Notice indicating dates of employment at West Side during the Class Period, and an estimated minimum settlement share.

Each Qualified Claimant who does not opt-out of this Settlement by submitting a Request for Exclusion (as described below) and who files the enclosed Claim Form shall receive a share of the Settlement Fund. Based on the Court-approved formula, your share will be determined by the number of Eligible Weeks you were employed by West Side at the La Clinica or East Side Family Clinic locations during the class period.

3

Eligible Weeks are the defined weeks or partial weeks that the Qualified Claimant worked in the position of medical assistant during the Class Period, with an agreed upon average deduction for each Settlement Class Member for vacation, sick leave, holidays, and other time off work at the rate of: 0-12 weeks = 0 weeks deducted; 13-26 weeks = 1 week deduction; 27 – 39 weeks = 2 weeks deducted; and 40-52 weeks = 3 weeks deducted.

Qualified Claimants shall be paid at a maximum rate of $50.00 per Eligible Week. If more weeks are claimed than there are available funds to pay claims at the $50.00 per Eligible Week rate, then the rate will be reduced proportionally to whatever number would not exceed the funds available for payment of claims made by Settlement Class Members.

The recovery for each Qualified Claimant is determined after Plaintiffs' attorneys' fees and costs, mediation, administration fees, and individual payments to the Class Representatives are deducted from the Gross Settlement Value, with the resulting amount being left to pay qualified claims. Any unclaimed settlement payments above the settlement payout amount of $80,000 remaining after payment of all amounts described herein will be retained by West Side.

## IV.   CALCULATIONS

The calculations will be based on data provided by West Side. The company's records will be determinative with respect to the weeks or partial weeks that Settlement Class Members worked for West Side during the class period.

## V.   DISPUTES

If a Settlement Class Member believes in good faith that the number of weeks or partial weeks that he or she worked for West Side during the relevant time frame is incorrect, that person may return their Settlement Claim Form to Baillon Thome with documentation that he or she believes demonstrates that those calculations are incorrect, and authorize Baillon Thome to review his or her records and related documents to determine such information. **Any such corrected Settlement Claim Form must be received by Baillon Thome by _____, 2014 at the designated address for Baillon Thome.** Upon timely receipt of any such dispute of claim, Baillon Thome will review the pertinent records showing the dates the individual involved worked for West Side during the class period, which records West Side has agreed to make available for this purpose.

4

Baillon Thome shall compute each Qualified Claimant's individual settlement payment. In the event there is a dispute regarding such payment, counsels for the parties have stipulated to allow Baillon Thome to make the final decision.

## VI.   CLASS REPRESENTATIVES

Class Representatives Evangelina Chavez and Jarely Zarate will seek an incentive award of up to two thousand dollars ($2,000) total from the Settlement Fund in recognition for their time and effort in serving the class by helping the attorneys for the class ("Class Counsel") in the litigation and settlement process. The Court has not yet ruled on this request. The Class Representatives will divide the incentive award equally, with Evangelina Chavez and Jarely Zarate each receiving $1,000.

## VII.   ATTORNEYS' FEES

Class Counsel will seek attorneys' fees in the amount of $60,000, in addition to their expenses for prosecuting this lawsuit. Class Counsel have conducted the Lawsuit without receiving any compensation for their services or out-of-pocket costs, and have assumed the full risk of litigating this lawsuit.

## YOUR RIGHTS AS A MEMBER OF THE SETTLEMENT CLASS

## I.   SUBMITTING A CLAIM

You must submit a complete Settlement Claim Form in order to collect payment under the Settlement and your Settlement Claim Form must be **postmarked no later than _____, 2014**. By executing the Settlement Claim Form, you are consenting to the Settlement and will be paid pursuant to the Settlement Agreement. You must timely submit your Settlement Claim Form to West Side Employment Litigation, c/o Baillon Thome Jozwiak & Wanta LLP, 222 South 9th Street, Suite 2955, Minneapolis, MN 55402.

## II.   REQUESTING EXCLUSION (OPTING OUT) FROM THE SETTLEMENT

Any persons who do not wish to participate in the Settlement may exclude themselves (i.e., "opt out") by submitting a timely written Request for Exclusion, postmarked on or before the Opt Out and Objection Date, to Class Counsel and West Side's Counsel, indicating their intent to opt-out of this Settlement. **The written Request for Exclusion must be postmarked by _____, 2014** and sent to the following addresses:

5

Class Counsel
Shawn J. Wanta
BAILLON THOME JOZWIAK &
WANTA LLP
222 South 9th Street, Suite 2955
Minneapolis, MN 55402

Counsel for West Side
Ingrid N. Culp
FREDRIKSON & BYRON, P.A.
200 South 6th Street
Suite 4000
Minneapolis, MN 55402

Clerk of the Court
United States District Court for the
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

Any person who files a complete and timely written Request for Exclusion from the Settlement shall, upon receipt, no longer be a Settlement Class Member, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she might have against West Side. However, if you complete the Settlement Claim Form and submit a written Request for Exclusion, your Request for Exclusion will be deemed invalid and you will be included in the Settlement and will be bound by its terms.

### III.   OBJECTION TO SETTLEMENT

If you do not opt out of the settlement, you may object to the settlement before it is finally approved. To object, you must file a written objection with the Clerk of the United States District Court, District of Minnesota, and send copies via U.S. mail by _____, 2014 to the following:

Class Counsel
Shawn J. Wanta, Esq.
BAILLON THOME JOZWIAK &
WANTA LLP
222 South 9th Street, Suite 2955
Minneapolis, MN 55402

Counsel for West Side
Ingrid N. Culp, Esq.
FREDRIKSON & BYRON, P.A.
200 South 6th Street
Suite 4000
Minneapolis, MN 55402

Clerk of the Court
United States District Court for the
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

6

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection must also state your full name, address, date of birth, and the dates between which you worked for West Side at the La Clinica or East Side Family Clinic location as a full time medical assistant. To be valid and effective, any objections to approval of the settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than _____, 2014. A notice of intent to object must also contain: (1) a heading which refers to the Litigation by case name and case number; (2) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witness the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony; and (5) a description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing, so that proponents of the Settlement have the opportunity to respond to any and all such objections.

Other requirements for objecting are contained in the Order granting preliminary approval of the settlement, on file with the Clerk of the court.

If you choose to file an objection to the terms of this settlement, you may also choose to appear at the Final Approval Hearing scheduled for _____, 2014. You may enter an appearance in propria persona (meaning you choose to represent yourself) or through your own attorney. To do so, you must file a Notice of Entrance of Appearance with the Clerk of the United Stated District Court, District of Minnesota, and serve copies to each of the attorneys listed above. Such Notice of Entrance of Appearance must be filed with the Court and delivered to the above attorneys no later than _____, 2014. You will then continue as a member of the Settlement Class either in propria persona or with representation by your own attorney, and you will be solely responsible for the fees and costs of your attorney.

Any Settlement Class Member who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will be bound by the terms of the Settlement with respect to the federal and state law claims. If you have submitted a valid Settlement Claim Form you will also be bound by the terms of the Settlement with respect to your FLSA claims.

## IV.    CHANGE OF ADDRESS

7

If you move after receiving this notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator at the address listed above.

## EFFECT OF THE SETTLEMENT

### I.    RELEASED RIGHTS AND CLAIMS

<u>Released Claims By the Settlement Class Members</u>. Upon final approval by the Court, the Settlement Class Members who have not submitted a valid and timely written Request for Exclusion shall, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, forever release, discharge, and covenant not to sue West Side with respect to any and all claims, debts, demands, actions,  or other causes of action of whatever kind and nature, whether known or unknown, arising from or relating to (1) the Fair Labor Standards Act (2) any claims for unpaid wages, overtime, or benefits, including, but not limited to, holiday pay, workers' compensation benefits, unemployment benefits, pension or retirement plan benefits, or missed meal, break or rest periods; (3) any claims for failure to make accurate payments that are derivative of, or in any way related to, any wage and hour, or overtime premium pay;  (4) any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (3) above. This release includes any claims made under any applicable federal, state or local laws, statutes or regulations relating to any facts, acts, transactions, occurrences, events or omissions alleged or which may have been alleged in the Litigation that arose between October 4, 2011 and October 3, 2013.

### II.    PAYMENT TO QUALIFIED CLAIMANTS

If you submit a timely Settlement Claim Form, payment under the settlement will occur at a point after the Court grants final approval of the settlement. Currently, the hearing is set for _____, 2014.

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final settlement hearing in Minneapolis, Minnesota on _____, 2014 at _____. to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and the incentive award to the Class Representatives.

8

**The hearing may be continued without further notice to Settlement Class Members.** It is not necessary for you to appear at this hearing unless you have timely filed an objection with the court.

### ADDITIONAL INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the settlement, you should contact Class Counsel to request a free copy of the Settlement Agreement. The Settlement Agreement also is on file with the Clerk of the Court. The pleadings and other records in this litigation, including that Settlement Agreement, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court, District of Minnesota.

---

**PLEASE DO NOT TELEPHONE THE COURT OF THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

---

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 3

CHAVEZ, et al. v. WEST SIDE COMMUNITY HEALTH SERVICES, INC.
**SETTLEMENT CLAIM FORM**

YOU MUST TIMELY COMPLETE, SIGN, AND RETURN THIS FORM IF
YOU WISH TO SHARE IN THE CLASS AND COLLECTIVE ACTION SETTLEMENT
**IF YOU DO NOT RETURN THIS FORM, YOU WILL STILL BE BOUND BY THE TERMS OF THE
SETTLEMENT AGREEMENT, INCLUDING THE RELEASE.**

INSTRUCTIONS: In order to share in the settlement, and to consent to join the collective action under the Fair Labor Standards Act (FLSA), please complete, sign, and mail this form by first class U.S. mail, postage paid, **postmarked on or before _____, 2014**, and addressed as follows:

West Side Employment Litigation
c/o Baillon Thome Jozwiak & Wanta LLP
222 South 9th Street, Suite 2955
Minneapolis, MN 55402

If the pre-printed address is incorrect, please provide your correct address below:

| [claim I.D.] | Name/ Address Change: |
|---|---|
| [First] [Middle] [Last] | _____ |
| [Address] | _____ |
| [City], [State] [Zip] | _____ |
| [Social security number] | _____ |

My telephone number is: (____)_____    My e-mail address is: _____.

West Side Community Health Services, Inc.'s ("West Side") records indicate that you worked as a full time medical assistant for a total of _____ weeks during the period between October 4, 2011 and October 3, 2013. If you believe that this information is incorrect, please provide the dates you believe you worked for West Side as a full time medical assistant and include any documentation that supports your belief. Please be aware that if you qualify for payments, an IRS Form W2 will be issued by West Side in the amount you receive.

**DECLARATION FOR PARTICIPATION IN SETTLEMENT**

By signing this portion of the Settlement Claim Form, I am declaring under penalty of perjury that at some time while working as full time medical assistant for West Side between October 4, 2011 and October 3, 2013, I believe that I worked more than 40 hours per week and was not compensated for all of the hours that I worked or provided overtime premium pay. Further, by signing and submitting this Settlement Claim Form, I am agreeing to participate in this settlement. By doing so, I agree that the settlement represents a full and final settlement and release of any and all claims I may have or could have against West Side for any overtime or wage violations and any related claims as described in the Settlement Class Notice. I have reviewed the Settlement Class Notice and this Claim Form and I also hereby consent to join in the Fair Labor Standards Act (FLSA) portion of this action and any state law collective action.  I hereby agree to have the Named Plaintiffs and Class Counsel represent me in this action pursuant to 29 U.S.C. § 216(b) or similar state laws. I submit to the jurisdiction of the United States District Court for the District of Minnesota.

X_____        _____, 2014.
  (Sign Your Name Here)                         Date

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 4



**West Side**
Community Health Services

Medical Assistant
Address
City

March XX, 2014

Re:      Medical Assistant Compensation and Forthcoming Legal Notices

Dear XXXX:

As you may have heard, your colleague Jarely Zarate and former employee Evangelina Chavez have raised concerns regarding not being paid in full for all time worked.  As your employer, we have taken these allegations very seriously as it has always been and remains West Side's intent to fully compensate our hourly employees for time worked on our behalf.

The main issue presented by Ms. Zarate and Ms. Chavez and their legal counsel was that they were not being compensated for time worked prior to the start of their shift.  As you are aware, West Side has directed employees not to begin work until their scheduled start time, with any non-scheduled work time requiring the approval of one's immediate supervisor with the exception of attending to patient needs at the end of the day.  While I feel that Human Resources has communicated our policy well, the Board of Directors and I also feel that it is important that our medical assistants have confidence that they have been fully compensated for actual time worked.  To that end, we have revised and simplified our Time & Attendance policies to ensure there are no future misunderstandings.  In addition, we have negotiated a settlement with Ms. Zarate and Ms. Chavez and their counsel that recognizes no wrong doing by either party, but does provide settlement compensation to Ms. Zarate and Ms. Chavez and the class of employees represented as part of their allegations.  This class includes you.

As a result, you can expect to receive written legal notices from Ms. Chavez and Ms. Zarate's legal counsel, the law firm of Baillon Thome Jozwiak & Wanta LLP, regarding the settlement.  We wanted you to be aware of this so it does not come as a surprise.  We also want you to know that West Side is cooperating fully with the settlement and, we encourage you to thoroughly review the materials provided by Baillon Thome Jozwiak & Wanta LLP in order to determine if you would like to participate in the class action and the associated settlement.

Should you have any questions or concerns in the future regarding compensation matters, or believe you have not been paid in full for time worked, please contact myself or Lori Doehne, Chief Financial Officer, immediately.

Thank you for your attention in this most important matter. Also, and as always, thank you for your efforts and compassion in providing care to the thousands of underserved patients West Side serves each year.

With my very best regards,

Jaeson T. Fournier, DC, MPH
Chief Executive Officer

**Administration**
153 Cesar Chavez Street
St. Paul, MN 55107
(651) 602-7500

**East Side Family Clinic**
895 E. 7th Street
St. Paul, MN 55106
(651) 602-7500

**Health Care for the Homeless/House Calls**
438 Main Street
St. Paul, MN 55106
(651) 290-6814

**Health Start**
895 E. 7th Street
St. Paul, MN 55106
(651) 772-9757

**La Clinica**
153 Cesar Chavez Street
St. Paul, MN 55107
(651) 602-7500

**McDonough Homes Clinic**
1544 Timberlake Road
St. Paul, MN 55117
(651) 602-7500

**West Side Dental**
478 Robert Street
St. Paul, MN 55107
(651) 602-7500







An Equal Opportunity Employer
Visit us online at: http:// www.westsidechs.org

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>          Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 5

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br><br>Defendant. | Court File No. 14-cv-00207-SER<br><br>**[Proposed] Order Preliminarily Approving Class Action Settlement** |

Plaintiffs Evangelina Chavez and Jarely Zarate and Defendant West Side Community Health Services, Inc. ("Defendants") in the above-captioned litigation pending before the Court have entered into a Stipulation of Class and Collective Action Settlement ("Settlement Agreement") following arms-length settlement negotiations. All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

The Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, 29 U.S.C. 216(b) for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and

The Court has reviewed and considered the Settlement Agreement and accompanying Exhibits, and the Parties' application for such an order and found good cause for same;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class**

1.      <u>Jurisdiction</u>. The Court has jurisdiction over the Parties and the subject matter of the dispute.

2.      <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(b)(3) and 23(c)(1) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of the Settlement only, the Court hereby conditionally certifies this Action as a class and collective action on behalf of the following Settlement Class:

> All individuals who worked for Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

3.      <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, the named Plaintiffs Evangelina Chavez and Jarely Zarate are members of the Settlement Class and that, for Settlement purposes only, they adequately satisfy the requirement of typicality and adequately represents the interests of the Settlement Class Members. The Court hereby appoints the named Plaintiffs Evangelina Chavez and Jarely Zarate as Class Representative of the Settlement Class.

4.      <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Shawn J. Wanta and the law firm of Baillon Thome Jozwiak & Wanta LLP to be adequate, the Court hereby appoints Mr. Wanta and the firm as Class Counsel to represent the Settlement Class.

5.      <u>Preliminary Findings</u>. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, hereby finds that the Settlement falls within the range of

reasonableness meriting further proceedings and possible final approval and dissemination of the Class Settlement Notice to the Settlement Class. The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the Settlement set forth therein, subject to further consideration in the Final Approval Hearing described below.

**B.      The Final Approval Hearing**

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on _____ 2014 at ____ a.m., for the purposes of:

(a)      Finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, 29 U.S.C. 216 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

(b)      Determining whether the Settlement on the terms and conditions set forth in the Settlement Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(c)      Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Settlement Agreement;

(d)      Considering the application of the Class Representative for an Incentive Award, as provided for in the Settlement Agreement;

(e)      Reviewing objections, if any, regarding the Settlement Agreement;

(f)      Determining the validity of Requests for Exclusion, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

3

(g)     Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement; and

(h)     Ruling upon such other matters as the Court may deem necessary and appropriate.

2.     <u>Modifications to Settlement</u>. The Parties may modify the Settlement Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

3.     <u>Objections to Settlement</u>.

(a)     Any Settlement Class Member who intends to object to any aspect of the Settlement, including the requested Attorneys' Fees and Expenses, or Incentive Award, must do so on or before the Opt Out and Objection Date. In order to object, the Settlement Class Member must file a written objection with the Clerk of Court on or before the Opt Out and Objection Date and serve it via first-class mail on Class Counsel and West Side's Counsel and include: the full name, address, date of birth, telephone number, and the dates between which the individual worked for Defendant at the La Clinica or East Side Family Clinic location as a full time medical assistant.

(b)     Any Settlement Class Member who fails to file and submit and serve timely a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Section, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means. Counsel for the Parties shall file copies of all objections with the Court. Such papers must be sent to each of the following Persons:

4

Class Counsel                                   Counsel for West Side
Shawn J. Wanta                                  Ingrid N. Culp
BAILLON THOME JOZWIAK &                          FREDRIKSON & BYRON, P.A.
WANTA LLP                                        200 South 6th Street
222 South 9th Street, Suite 2955                Suite 4000
Minneapolis, MN 55402                           Minneapolis, MN 55402

Clerk of the Court
United States District Court for the
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

   (c)  All objections must contain: (1) a reference to *Evangelina Chavez, et al. v. West Side Community Health Services, Inc,*. Case No. 14-cv-00207-SER (D. Minn.); (2) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, a statement identifying that counsel by name, address, bar number and telephone number; (3) a statement of the specific legal and factual bases for each objection; (4) a list of any witnesses the objector may call at the Final Approval hearing, with the address of each witness and summary of his or her proposed testimony; and (5) a description of any and all evidence the objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objector may introduce at the Final Approval Hearing, so that proponents of the Settlement Agreement have the opportunity to respond to any and all such objections the name, address, and telephone number of the Settlement Class Member submitting the objection, a statement of his or her objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and the submitting Person's signature.

4.      Response to Objections. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Final Approval Hearing.

5.      Appearance at Final Approval Hearing. Attendance at the Final Approval Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Expenses, or the application for Plaintiffs' Incentive Award, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Expenses or Incentive Awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Settlement Notice waives any right the Person may have to object to the Settlement, Attorneys' Fees and Expenses, or Incentive Awards, or to appeal or seek other review of the Final Judgment or the Order Approving Class Action Settlement. Any Settlement Class Member may enter an appearance in the Action at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

6.      All papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Incentive Awards must be filed with the Court and served at least twenty-one (21) days prior to the Final Approval Hearing.

**C.      The Court Approves the Form and Method of Class Notices**

1.      Class Notices. The Court approves, as to form and content, the proposed Class Settlement Notice, which is Exhibit 2 to the Settlement Agreement. The Court finds that the Settlement Class Notice is reasonably

6

calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, opt out of the Settlement Class, or participate.

      2.    <u>Distribution of Class Notices</u>.

      (a)    The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibit 2 meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

      3.    The Court directs Defendant to disseminate Class Notices (the Class Settlement Notice and the Settlement Claims Notice), the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims by mail, e-mail or facsimile, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

      (a)    Defendant is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no later than fifty-five (55) days before the Final Approval Hearing ("Settlement Class Notice Deadline").

      (b)    Defendant shall file with the Court proof of compliance with the Notice Program no later than five (5) business days prior to the Final Approval Hearing.

      (c)    Defendant is ordered to cause the Settlement Claims Notice to be disseminated to Settlement Class Members no more than fourteen (14) days after the Effective Date.

**D.    Procedure for Requesting Exclusion from the Settlement Class**

      1.    Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such Person

7

must submit a timely Request for Exclusion, to Class Counsel and West Side's Counsel, post-marked on or before the Opt Out and Objection Date, as set forth in the Class Settlement Notice. Requests for Exclusion purportedly filed on behalf of multiple Persons or classes of Persons are prohibited and will be deemed to be void.

2.       Any Settlement Class Member who does not send a completed, signed Request for Exclusion to Class Counsel post-marked on or before the Opt Out and Objection Deadline will be deemed to be a member of the Settlement Class for the Minnesota claims and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Settlement Agreement shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement.

3.       Class Counsel shall provide counsel for Defendant with a list of all timely Requests for Exclusion within five (5) business days after the Opt-Out and Objection Deadline.

**E.       Miscellaneous Provisions**

1.       <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

2.       <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

8

3.      <u>Use of Order</u>. This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendant of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by Section 4 of the Settlement Agreement. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

4.      The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


IT IS SO ORDERED.

Dated: _____, 2014


_____
_
Hon. Steven E. Rau
United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br>          Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**SETTLEMENT AGREEMENT** |

# Exhibit 6

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>               Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br><br>               Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**[Proposed] Final Judgment and Dismissal with Prejudice** |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement ("Agreement"), dated _____, 2014, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2.      The Court has final jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members.

3.      In the accompanying Order Approving Class & Collective Action Settlement, the Court granted certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Fair Labor Standards Act, 29 U.S.C. § 216(b), defined as:

> All individuals who worked for Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

4.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the Class definition above are Settlement Class Members.

5.      The list of Persons excluded from the Settlement Class because they timely filed valid Requests for Exclusion is attached hereto as Exhibit A. Persons who filed timely, completed Requests for Exclusion are not bound by this Final Judgment, the Order Approving Class Action Settlement, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against the Released Parties. However, such Persons are not entitled to any rights or benefits provided to the Settlement Class Members by the terms of the Settlement Agreement.

6.      As set forth in the accompanying Order Approving Class Action Settlement, Defendant caused the Court-approved Class Settlement Notice, Exhibit 2 to the Settlement Agreement, to be disseminated to all potential Settlement Class Members copies of the Class Settlement Notice, Exhibit 2 to the Settlement Agreement; the Settlement Claims Notice, Exhibit 3 to the Settlement Agreement; instructions on how to submit Settlement Claim Forms online or by e-mail, mail, or facsimile; the Settlement Agreement and all Exhibits thereto; all Orders of the Court pertaining to the Settlement; and other information relating to the Settlement that may be of assistance to the Settlement Class.

7.      For the reasons set forth in the accompanying Order Approving Class Action Settlement, the Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

8.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed Requests for Exclusion are thus Settlement Class Members who are bound by this Final Judgment, by the

Order Approving Class Action Settlement and by the terms of the Settlement Agreement.

9.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (b), all Settlement Class Members who have timely and validly consented in writing to become a party to this Action are thus Settlement Class Members who are bound by this Final Judgment, by the Order Approving Class Action Settlement and by the terms of this Agreement. This list of Persons included in this Action because they timely consented to becoming a party is attached as Exhibit B.

10.     The Releasing Parties are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

11.     Defendant and any Person claiming through them hereby shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and the Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity of such, and the predecessors, successors, heirs, and assigns of each, from all claims, debts, demands, actions, or other causes of action of whatever kind and nature, whether known or unknown, arising from or relating to (1) the Fair Labor Standards Act; (2) the Minnesota Fair Labor Standards Act; (3) any claims for unpaid wages, overtime, or benefits, including, but not limited to, holiday pay, workers' compensation benefits, unemployment benefits, pension or retirement plan benefits, or missed meal, break or rest periods; (4) any claims for failure to make accurate payments that are derivative of, or in any way related to, any wage and hour, or related overtime

3

premium pay; (5) any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (4) above.

12.     The Settlement Agreement, this Judgment, and the accompanying Order Approving Class Action Settlement, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reasons, by any Plaintiff, Defendant, Releasing Party, or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Judgment, and the accompanying Order Approving Class Action Settlement.

13.     For the reasons set forth in the accompanying Order Approving Class Action Settlement, sixty thousand dollars ($60,000 U.S.) is awarded to Class Counsel as reasonable attorneys' fees for both services rendered in the Action and reasonable expenses incurred in the Action. Defendant shall pay the attorneys' fees. One thousand dollars ($1,000 U.S.) shall be paid to each of the Class Representatives as an Incentive Award for services provided to the Class. Defendant shall pay the Incentive Award. All such payments are to be made in accordance with the accompanying Order Approving Class Action Settlement and the provisions of the Settlement Agreement.

14.     The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

15.     Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

4

16.     Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of any other portion of this Final Judgment or delay the Effective Date of the Agreement.

17.     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

IT IS SO ORDERED.

Dated: _____, 2014

_____

Hon. Steven E. Rau
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals, | |
| Plaintiffs, | Court File No. 14-cv-00207-SER |
| v. | |
| | **SETTLEMENT AGREEMENT** |
| WEST SIDE COMMUNITY HEALTH SERVICES, INC., | |
| Defendant. | |

# Exhibit 7

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| EVANGELINA CHAVEZ and JARELY ZARATE, individually and on behalf of all similarly situated individuals,<br><br>       Plaintiffs,<br><br>v.<br><br>WEST SIDE COMMUNITY HEALTH SERVICES, INC.,<br><br>       Defendant. | Court File No. 14-cv-00207-SER<br><br><br>**[Proposed] Order Approving Class & Collective Action Settlement** |

WHEREAS Plaintiffs Evangelina Chavez and Jarely Zarate ("Plaintiffs") and Defendant West Side Community Health Services, Inc. ("Defendant"), by and through their respective counsel, have executed and filed the Settlement Agreement with the Court;

WHEREAS the Court entered an Order Preliminarily Approving the Class Action Settlement, Conditionally Certifying Settlement Class, Providing Notice and Scheduling Order on _____, 2014 ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class; scheduling a Final Approval Hearing to determine whether to finally approve the Settlement, to finally certify the Settlement Class, and to award Attorneys' Fees and Expenses and/or Incentive Award; and to consider any objections properly and timely presents;

WHEREAS the Court held a Final Approval Hearing on _____, 2014, at

which all interested Persons were given the opportunity to be heard; the Court having heard and considered all submissions in connection with the proposed Settlement and the files and records herein, as well as the arguments of counsel;

The Court hereby finds and concludes:

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2.      Plaintiffs filed this against Defendant alleging: (1) violation of the Minnesota Payment & Wages Act; (2) failure to premium pay of at least one and one-half times the regular rate for hours worked in excess of forty (40) per week, in violation of the Fair Labor Standards Act; and (3) failure to permit sufficient meal time, in violation of the Minnesota Fair Labor Standards Act.

3.      The Settlement Class was conditionally certified by the Court's Preliminary Approval Order, defined as:

> All individuals who worked for Defendant as a full-time Medical Assistant at the La Clinica or East Side Family Clinic location at any time between October 4, 2011 and October 3, 2013.

4.      The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members (as defined above), including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action with prejudice.

2

5.      The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure No. 23(a) and (b)(3) have been met, in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

6.      The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Agreement, and only for such purposes, the prerequisites for certifying this Action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216 (b) have been met, in that the Settlement is fair, reasonable, adequate and in the best interest of the Plaintiffs and the Settlement Class.

7.      The Class Representatives appointed in this Court's Order Preliminarily Approving Class Action Settlement have fairly and adequately

3

represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

8.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and thus hereby appoints Interim Class Counsel as Class Counsel to represent the Settlement Class.

9.      The Settlement Agreement provides for a full and final resolution of this Action, subject to the approval of the Court and the entry of this Order Approving Settlement and the accompanying Final Judgment. Pursuant to Federal Rule of Civil Procedure 23(c), the Court scheduled a Final Approval Hearing to consider approval of the Settlement.

10.     The Court's Preliminary Approval Order directed that Notice be given to the Settlement Class pursuant to the Notice Program proposed by the Parties and approved by the Court.

11.     In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, Defendant caused the Class Settlement Notice which is Exhibit 2 to the Settlement Agreement, to be e-mailed to the last known e-mail address of all identified potential Settlement Class Members,;copies of the Class Settlement Notice, Exhibit 2 to the Settlement Agreement; the Settlement Claims Notice, Exhibit 3 to the Settlement Agreement; instructions on how to

4

submit Settlement Claim Forms online or by e-mail, mail, or facsimile; the

Settlement Agreement and all Exhibits thereto; all Orders of the Court pertaining

to the Settlement; and other information relating to the Settlement that may be of

assistance to the Settlement Class. The Class Settlement Notice advised Settlement

Class Members of the background of the Action and terms of the proposed

Settlement; of the Final Approval Hearing, and their right to appear at such

Hearing; of their rights to remain in, or opt out of, the Settlement Class and to

object to the Settlement, pursuant to Rule 23; of their right to opt-in to the FLSA

collective action through written consent; of procedures for exercising such rights;

of procedures and deadlines for submitting Settlement Claim Forms under the

Settlement Agreement; of the scope of the Release; and of the binding effect of

this Order and the accompanying Final Judgment in this Action, whether favorable

or unfavorable, to the Settlement Class.

12.    Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the

Settlement Class Notice provided to the Settlement Class constitutes the best and

most practicable notice under the circumstances. The Notice Program was

designed to provide notice in the manner most likely to be received and read by

Settlement Class Members. Defendant has filed with the Court proof of

compliance with the Notice Program in accordance with this Court's Preliminary

Approval Order. The Settlement Class received valid, due, and sufficient notice

that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

13.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate as to the Settlement Class Members. The terms and provisions of the Agreement are the product of lengthy, arms-length negotiations. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice

14.     Having considered the submissions by Class Counsel, the absence of any opposition from Defendant, and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the Settlement Class. The Class Representatives initiated the Action, acted to protect the Settlement Class, and assisted Class Counsel. The efforts of the Class Representatives and Class Counsel have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees for their work, which the Court finds to be sixty thousand dollars ($60,000 U.S.), including reasonable expenses incurred in the litigation. The Class Representatives are entitled to an Incentive Award in the amount of one thousand

6

dollars ($1,000 U.S.). Such Incentive Award and Attorneys' Fees shall be paid by Defendant.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, DECREED, and ADJUDGED:

1.      The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, the United States Constitution (including the due process clause), and any other applicable law. The Notice Program complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and Constitutional due process by providing due, adequate, and sufficient notice to the Settlement Class. All objections to the Settlement Agreement are hereby overruled. The Parties are ordered to effectuate the Settlement in accordance with the terms of the Settlement Agreement. The terms of the Settlement Agreement are fully incorporated into this Order as if set forth fully herein.

2.      Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court finally certifies this Action as a class and collective action brought by the Class Representatives on behalf of the Settlement Class as defined above with respect to all of the claims alleged in the Action.

3.      Excluded from the Settlement Class are those Persons who have timely filed valid Requests for Exclusion ("Opt-Outs"). A list of those Persons is attached as Exhibit A. The Persons who filed timely, valid Requests for Exclusion are not bound by the Settlement and may pursue their own individual remedies against Defendant and the Released Parties. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement.

4.      All Settlement Class Members are bound by this Order, by the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

5.      The Named Plaintiffs, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, and each Settlement Class Member, on behalf of himself/herself and his/her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns hereby forever release, discharge, and covenant not to sue Defendant (as defined in Section 2.10 above) with respect to any and all claims, debts, demands, actions,  or other causes of action of whatever kind and nature, whether known or unknown, arising from or relating to (1) the Fair Labor Standards Act, (2) the Minnesota Fair Labor Standards Act, (3) any claims for unpaid wages, overtime, or benefits, including, but not limited to, holiday pay, workers' compensation benefits, unemployment

8

benefits, pension or retirement plan benefits, or missed meal, break or rest periods,
(4) any claims for failure to make accurate payments that are derivative of, or in
any way related to, any wage and hour, or overtime premium pay; (5) any penalty,
interest, taxes or additional damages or costs which arise from or relate to the
claims described in (1) through (4) above.

6.      The Released Parties are hereby forever released and discharged
from any and all of the Released Claims. The Releasing Parties are hereby forever
barred and enjoined from asserting, instituting or prosecuting, directly or
indirectly, any Released Claim in any court or other forum against any of the
Released Parties.

7.      Defendant, the Released Parties, and any Person claiming through
them hereby shall be deemed to have fully, finally, and forever released,
relinquished and discharged each and all of Plaintiffs and the Settlement Class
Members, and their respective present and former parents, subsidiaries, divisions,
and affiliates, the present and former partners, employees, officers and directors of
each of them, the present and former attorneys, accountants, experts, consultants,
insurers, and agents of each of them, each of the foregoing solely in their capacity
as such, and the predecessors, successors, heirs, and assigns of each, from all
claims of every nature and description, known and unknown, relating to the
initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of
this Action or the Released Claims.

9

8.      The Settlement Agreement, this Order, and the accompanying Final Judgment, or the fact of the Settlement Agreement, shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Order and the accompanying Final Judgment.

9.      The Court hereby awards Class Counsel their Attorneys' Fees and Expenses, and awards the Class Representatives Incentive Awards. Such fees and expenses shall be paid to Class Counsel by Defendant within twenty (20) days of entry of the accompanying Final Judgment. Class Counsel, in their sole discretion, are hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel. All such payments are to be made in accordance with the provisions of the Settlement Agreement.

10.     No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Settlement Agreement. The Parties and their respective counsel shall not be liable to any Party or Person for any tax consequences that result from the implementation of this Settlement.

10

Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

11.     The Court hereby dismisses with prejudice this Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as otherwise provided in this Order and the accompanying Final Judgment.

12.     The Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the accompanying Final Judgment, the Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Order or the accompanying Final Judgment preclude Plaintiffs or Settlement Class Members from participating in the Claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

13.     Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of this Order or the accompanying Final Judgment or delay the Effective Date.

14.     The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

15.     The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Class Members under the Agreement.

16.     The Court will separately enter the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated: _____, 2014

_____

Hon. Steven E. Rau
United States Magistrate Judge